*Attorney-General C. W. Ashford,* for defendant.

---

## KAILIAHI *vs.* KEPAU.

### EXCEPTIONS.

HEARING, JUNE 17, 1890.     DECISION, JULY 25, 1890.

JUDD, C.J:, McCULLY, BICKERTON, DOLE, JJ.

Under Section 1330 of the Civil Code, the question of the husband's having reduced to possession choses in action of his wife, who obtains a divorce from him on the ground of his adultery, or other offense amounting thereto, is not applicable.

OPINION OF THE COURT, BY McCULLY, J.

The defendant brings exceptions from Judd, C. J., sitting as Intermediary Court, in which it is claimed that some findings are contrary to the evidence, but no particulars of the evidence having been reported, no review can be made.

The only exception which can be considered is that the decision is contrary to law, and the point presented was based upon these words of the decision: " Plaintiff was then a married woman, and has since obtained a divorce from her husband. Though the marriage was a gift of these chattels to her husband, they were not reduced by him to possession, and by our Statute they would upon divorce remain the property of the wife."

By Section 1330 of our Code, C. L. p. 438, it is clearly provided that upon a divorce for the adultery, or other offense

amounting thereto, of the husband, all the property of the wife, even including that given to her by her husband, shall become hers solely and absolutely. This is not the case of the husband's right in the wife's choses in action, depending upon his having reduced them to possession during coverture. This would appear to be the misapprehension of counsel in taking this exception. See *Estate of Kaluahine*, 3 Hawn., 323; *Hasslocher vs. Robinson*, 3 Hawn., 802; *Riemenschneider vs. Kalaehao*, 5 Hawn., 550.

The exceptions are overruled.

*A. Rosa*, for plaintiff.

*W. C. Achi*, for defendant.